UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DEANO N. KNIGHT | : | DOCKET NO. 2:05-cv-985<br>Section P |
| VS. | : | JUDGE MINALDI |
| DEPARTMENT OF HOMELAND SECURITY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a *habeas corpus* petition filed by *pro se* petitioner, Deano N. Knight. By this petition, the petitioner seeks to have this court order his release from custody pursuant to the bond set by the immigration judge. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTS

On November 22, 2004, the Bureau of Immigration and Customs Enforcement issued a Notice to Appear (NTA) against petitioner charging him with being removable under INA § 237(a)(2)(A)(iii) as an alien convicted of an aggravated felony after his entry. This charge arises out of a November 29, 1999 New York state court conviction for rape in the second degree. Based upon the allegations in the NTA, petitioner was taken into custody by the immigration officials. The District Director initially determined that petitioner should be detained in custody without a bond. Following this initial custody determination, petitioner requested a bond redetermination hearing before an immigration judge.

On January 24, 2005, petitioner appeared for a bond redetermination hearing before an immigration judge in Oakdale, Louisiana. In reliance on the BIA decision in *Matter of Adeniji*, 22 I&N Dec. 1102 (BIA 1999), Judge Reese determined that petitioner was not subject to the mandatory detention provisions of INA § 236(c) because he was released from physical custody prior to October 8, 1998. She, therefore, considered his request for bond under the general provisions of INA § 236(a) and engaged in a two-step analysis to determine whether petitioner would pose a danger to the community or a flight risk if released from custody. 8 CFR § 1236.1(c)(8). Answering both inquiries in the negative, Judge Reese determined that petitioner could be released from custody upon the posting of a bond. However, because she found that petitioner was unlikely to prevail on his claims for relief from removal, the bond should be substantial enough to ensure that he will appear at future hearings. Accordingly, she set his bond at $20,000.

Both parties reserved their right to appeal the bond decision to the Board of Immigration Appeals. While it is unclear whether the petitioner actually appealed the bond decision to the BIA, the information presented by petitioner indicates that the government did appeal this bond decision to the BIA.[1] The undersigned's office has verified through the BIA's telephonic information system that this appeal is currently pending before the BIA.[2]

On May 31, 2005, the petitioner filed this petition for writ of *habeas corpus* challenging the government's decision to appeal the bond decision and seeking to have this court reinstate the

---

[1] In the appeal, the government argues that petitioner should be detained during his removal proceedings because his conviction of an aggravated felony renders him a danger to the community and a flight risk. *See* Doc. 1-3, p. 7 (Notice of Appeal).

[2] The Immigration Court Information System is a telephonic, computerized service that provides status reports on past and pending immigration proceedings. This system may be reached at 1-800-898-7180, and it requires the petitioner's alien number.

$20,000 bond set by Judge Reese and to order his immediate release from custody.

## LAW AND ANALYSIS

Following petitioner's bond redetermination hearing on January 24, 2005, the immigration judge determined that petitioner could be released from custody during the pendency of his removal proceedings upon the posting of a $20,000 bond. Petitioner is seeking to have this court enforce this order and allow his immediate release from custody under the terms set by the immigration judge.[3]

Despite petitioner's arguments in favor of his release, it is clear that he has no legal right to be released under the conditions of the immigration judge's order while the appeal by the government is pending. The government had a right to appeal the decision of the immigration judge[4], and by operation of law, the government's appeal stayed the immigration judge's order authorizing petitioner's release on bond. *See* 8 CFR § 1236.1(d)(4), § 1003.19(i)(2)[5]. The stay shall remain in effect until a decision by the Board of Immigration Appeals, and "[i]f the Board authorizes release (on bond or otherwise), that order shall be stayed for five business days. If, within that five-

---

[3] To the extent that the petitioner is seeking to have this court review the bond determination of the immigration judge, this court lacks jurisdiction to do so. INA § 236(e) ("No court may set aside any action or decision of the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.")

[4] 8 CFR § 1236.1(d)(3) states in pertinent part as follows:
    (3) *Appeal to the Board of Immigration Appeals.* An appeal relating to bond and custody determinations may be filed to the Board of Immigration Appeals in the following circumstances:
        (i) In accordance with § 1003.38 of this chapter, an alien or the Service may appeal the decision of an immigration judge pursuant to paragraph (d)(1) of this section.

[5] 8 CFR § 1003.19(i)(2) is applicable to petitioner's situation and states in pertinent part as follows:
    (2) *Automatic stay in certain cases.* In any case in which the district director has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon the Service's filing of a Notice of Service Intent to Appeal Custody Redetermination with the immigration court within one business day of the issuance of the order, and shall remain in abeyance pending decision of the appeal by the Board of Immigration Appeals.

3

day period, the Commissioner certifies the Board's custody order to the Attorney General pursuant to § 1003.1(h)(1) of this chapter, the Board's order shall continue to be stayed pending the decision of the Attorney General." 8 CFR § 1003.19(i)(2).

Because petitioner is not entitled to the relief he seeks,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* be DENIED AND DISMISSED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 27th day of June, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE